UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES THOMPSON,[1] | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-350 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Charles Thompson's Motion to Vacate, Set Aside or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255.[2] (ECF No. 1). The United States opposes Petitioner's Motion to Vacate, which is fully briefed and ripe for review. For the reasons that follow, the Court denies Petitioner's Motion to Vacate.

*I. Background*

On December 1, 2016, Charles Thompson was charged in a 56-count indictment with 33 other defendants. Ultimately, Petitioner was charged with one count of conspiracy to distribute drugs, three counts of discharging a firearm in

---

[1] In many of his filings, Petitioner refers to himself as "Charles Tedaro Kardashian," which he asserts is his "new name." For clarity of the record, the Court will refer to Petitioner by the name under which he was charged, Charles Thompson.

[2] Petitioner is proceeding in this matter *pro se* without the assistance of counsel.

furtherance of a drug trafficking crime resulting in death, and one count of discharging a firearm in furtherance of a drug trafficking crime. More specifically, the counts against Petitioner in the Fifth Superseding Indictment are as follows:

> Count Fourteen: Conspiracy to Distribute Cocaine (21 U.S.C. §§ 846, and 841(b)(1)(A)(ii)(II);
>
> Count Fifteen: Discharge of a Firearm in the Furtherance of a Drug Trafficking Crime Resulting in the Death of Robert Parker (18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1));
>
> Count Sixteen: Discharge of a Firearm in the Furtherance of a Drug Trafficking Crime Resulting in the Death of Clara Walker (18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1));
>
> Count Seventeen: Discharge of a Firearm in the Furtherance of a Drug Trafficking Crime Resulting in the Death of Michail Gridiron (18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1));
>
> Count Eighteen: Discharge of a Firearm in the Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)).

(*United States v. Thompson*, 4:15-CR-404 HEA, ECF No. 1990 at 26-30).

On January 28, 2020, the parties reached a plea agreement, under which Petitioner agreed to plead guilty to Counts 14, 15, 16, 17, and 18 of the Fifth Superseding Indictment. In his plea agreement, Petitioner admitted that there was a factual basis for the plea, and that he understood the elements of the offenses.

As to Count 14, Petitioner admitted that he committed the following elements of conspiracy to distribute cocaine under 21 U.S.C. § 846:

2

 (i) Beginning at a time unknown, but up to and including 2012 through and including January 29, 2016, within the Eastern District of Missouri, and elsewhere, two or more persons reached an agreement or came to an understanding to distribute cocaine;

 (ii) Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

 (iii) At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

 (iv) The agreement or understanding involved cocaine.

 (v) The quantity of cocaine involved was in excess of 500 grams.

(4:15-CR-404, ECF No. 2514 at 2).

As to Counts 15, 16, and 17, Petitioner admitted that he committed the following four elements of discharging a firearm in furtherance of a drug trafficking crime resulting in death under 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1):

 (i) Defendant committed the crime of conspiracy to distribute cocaine;

 (ii) Defendant, acting with Anthony Jordan, Gloria Ward and others, knowingly possessed a firearm in furtherance of that crime;

 (iii) Defendant, acting with Anthony Jordan, Gloria Ward and others, discharged the firearm; and

 (iv) Defendant, acting with Anthony Jordan, Gloria Ward and others, used the firearm to cause the death of Robert Parker [Clara Walker, and Michail Gridiron] which was murder.

(*Id.* at 2-4).

As to Count 18, Petitioner admitted that he committed the following three elements of discharging a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A):

(i) Defendant committed the crime of conspiracy to distribute cocaine;

(ii) Defendant, acting with Anthony Jordan, Gloria Ward and others, knowingly possessed a firearm in furtherance of that crime; and

(iii) Defendant, acting with Anthony Jordan, Gloria Ward and others, discharged the firearm.

(*Id.* at 4). Petitioner also acknowledged that the United States could prove all the relevant facts of the crimes beyond a reasonable doubt if the case were to go to trial.

On January 28, 2020, Petitioner entered a plea of guilty. During the change-of-plea hearing, the government recited the factual basis for Counts 14, 15, 16, 17 and 18, and the following colloquy took place:

> THE COURT: Regarding Count 14, beginning at a time unknown but up to and including 2012 through and including January 29th, 2016 within the Eastern District of Missouri and elsewhere, did two or more persons reach an agreement or come to an understanding to distribute cocaine?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did you voluntarily and intentionally join in the agreement or understanding either at the time it was first reached or at some later time while it was still in effect?
>
> THE DEFENDANT: Yes.

THE COURT: At the time you joined in the agreement or understanding, did you know the purpose of the agreement or understanding?

THE DEFENDANT: Yes.

THE COURT: And did the agreement or understanding involve cocaine?

THE DEFENDANT: Yes.

THE COURT: And was the quantity of cocaine involved in excess of 500 grams?

THE DEFENDANT: Yes.

THE COURT: How do you plead regarding Count 14?

THE DEFENDANT: Guilty.

THE COURT: As to Count 15, did you commit the crime of conspiracy to distribute cocaine?

THE DEFENDANT: Yes.

THE COURT: And did you acting with Anthony Jordan, Gloria Ward, and others knowingly possess a firearm in furtherance of that crime?

THE DEFENDANT: Yes.

THE COURT: And did you acting with Anthony Jordan, Gloria Ward and others discharge the firearm?

THE DEFENDANT: Yes.

THE COURT: And did you acting with Anthony Jordan, Gloria Ward and others use a firearm to cause the death of Robert Parker, which was murder?

…

THE DEFENDANT: Yes.

THE COURT: How do you plead regarding Count 15?

THE DEFENDANT: Guilty.

THE COURT: As to Count 16, did you commit the crime of conspiracy to distribute cocaine?

THE DEFENDANT: Yes.

THE COURT: And did you acting with Anthony Jordan, Gloria Ward and others knowingly possess a firearm in furtherance of that crime?

THE DEFENDANT: Yes.

THE COURT: Did you acting with Anthony Jordan, Gloria Ward and others discharge the firearm?

THE DEFENDANT: Yes.

THE COURT: And did you acting with Anthony Jordan, Gloria Ward and others use the firearm to cause the death of Clara Walker, which was murder?

THE DEFENDANT: Yes.

THE COURT: How do you plead to Count 16?

THE DEFENDANT: Guilty.

THE COURT: As to Count 17, did you commit the crime of conspiracy to distribute cocaine?

THE DEFENDANT: Yes.

THE COURT: And did you acting with another, Anthony Jordan, Gloria Ward and others knowingly possess a firearm in furtherance of that crime?

THE DEFENDANT: Yes.

THE COURT: Did you acting with Anthony Jordan, Gloria Ward and others discharge the firearm?

THE DEFENDANT: Yes.

THE COURT: Did you acting with Anthony Jordan, Gloria Ward and others use the firearm to cause the death of Michail Gridiron, which was murder?

THE DEFENDANT: Yes.

THE COURT: How do you plead to Count 17?

THE DEFENDANT: Guilty.

THE COURT: As to Count 18, did you commit the crime of conspiracy to distribute cocaine?

THE DEFENDANT: Yes.

THE COURT: And did you acting with Anthony Jordan, Gloria Ward and others knowingly possess a firearm in furtherance of that crime?

THE DEFENDANT: Yes.

>THE COURT: And did you acting with Anthony Jordan, Gloria Ward and others discharge the firearm?
>
>THE DEFENDANT: Yes.
>
>THE COURT: How do you plead regarding Count 18?
>
>THE DEFENDANT: Guilty.

(4:15-CR-404, ECF No. 2526 at 28-31). The Court found Petitioner competent to plead guilty and accepted his pleas of guilty as to Counts 14, 15, 16, 17, and 18.

On March 28, 2022, the Court held a sentencing hearing. At the outset of the hearing, the Cout announced:

>COURT: This matter is now before the Court for purposes of sentencing; the defendant having pleaded guilty in this matter on January the 28th of 2020 to Count 14, conspiracy to distribute cocaine, Counts 15, 16, and 17, discharge of a firearm in furtherance of a drug trafficking crime resulting in death, and Count 18, discharge of a firearm in furtherance of a drug trafficking crime.

(4:15-CR-404, ECF No. 3796 at 2). Neither Petitioner nor his legal counsel took issue with the Court's statement, and no objections were raised to the contents of the presentence investigation report which also noted the counts to which Petitioner pleaded guilty and the factual basis underlying each charge. (*Id*. at 5). Petitioner was sentenced to a term of 60 months on Count 14, a term of 120 months on Count 15, a term of 120 months on Count 16, a term of 120 months on Count 17, and a term of

120 months on Count 18, with all terms to be served consecutively, for a total term of 540 months imprisonment. Petitioner did not appeal.

On March 20, 2023, Petitioner filed this Motion to Vacate. For relief, Petitioner argues that his sentence is illegal because he did not plead guilty to Counts 15, 16, 17, and 18. Petitioner contends that he only pleaded guilty to Count 14, conspiracy to distribute cocaine, and that Counts 15, 16, 17, and 18 were not in his plea. Petitioner asserts that there is a "Lack of Judgment," and the Court should dismiss the "bad defaulted indictment" because the government showed bad faith. (ECF No. 1 at 4).

The United States opposes Petitioner's § 2255 Motion to Vacate and argues that the record is clear that Petitioner pleaded guilty to all the counts for which he was sentenced, Counts 14, 15, 16, 17, and 18.

## *II. Standard of Review*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal citations

9

omitted). To warrant relief under § 2255, the errors of which the Petitioner complains must amount to a fundamental miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 346 (1974); *Hill v. United States*, 368 U.S. 424, 428-29 (1962).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Feather v. United States*, 18 F.4th 982, 989 (8th Cir. 2021) (cleaned up; quoted case omitted). The Court may dismiss a claim without an evidentiary hearing "when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* The Court finds that Petitioner's claims can be conclusively determined based upon the parties' filings and the record in this case.

### III.  Discussion

Petitioner's post-conviction claim that the sentence imposed upon him was illegal is based on his mistaken belief that he pleaded guilty to Count 14, drug conspiracy, but did not plead guilty to the § 924(c) firearm-related charges set forth in Counts 15, 16, 17, and 18, which were predicated on the drug conspiracy charge.[3]

---

[3] Petitioner's Motion to Vacate also makes references to lack of discovery and the expiration of time for pretrial disclosures. Petitioner does not expand on these conclusory assertions, and it is unclear what Petitioner is specifically alleging. However, Petitioner's plea colloquy, which was taken under oath, demonstrates that Petitioner was satisfied with the

It is clear from the record that Petitioner was properly charged in Counts 14, 15, 16, 17, and 18 in the Fifth Superseding Indictment, and that he knowingly and voluntarily entered guilty pleas to Counts 14, 15, 16, 17, and 18.  Petitioner has

---

information he received, and he had no additional discovery requests. More specifically, the following exchange took place during the change-of-plea hearing:

> COURT: Is there anything that you needed to know about your case or that you wanted to know about your case that still confuses you?
>
> DEFENDANT: No.
>
> COURT: Is there anything at all about your case that you still do not understand?
>
> DEFENDANT: No.
>
> COURT: Were there any witnesses that you wanted your lawyer to contact or that he should have contacted but did not contact for you?
>
> DEFENDANT: No, he did everything.
>
> COURT: Was there any investigation that you wanted him to do or that he should have done for you that he didn't do?
>
> DEFENDANT: No, he did it.
>
> COURT: Was there any information that you wanted him to get from the government regarding your case or that he should have gotten from the government about your case that he didn't get?
>
> DEFENDANT: No.
>
> COURT: Was there anything at all that you wanted your lawyer to do for you in this case that he has failed to do or refused to do in your behalf?
>
> DEFENDANT: No.

(4:15-CR-404, ECF No. 2526 at 7-8). Further, Petitioner waived his right to appeal "any issues related to pretrial motions, discovery and the guilty plea" in the guilty plea agreement. (4:15-CR-404, ECF No. 2514 at 14).

11

pointed to nothing in the record that would allow for the plea to be set aside. *Blackledge v. Allison*, 431 US. 63, 74 (1977) (statements made by a defendant in court under oath should not be lightly set aside and "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); *see also Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990) (representations made during the plea hearing "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings"). Further, Petitioner was properly sentenced to the mandatory minimum terms of imprisonment available on Counts 14, 15, 16, 17, and 18. There are no bases to overturn Petitioner's convictions, and his Motion to Vacate is without merit.

## IV.   *Certificate of Appealability*

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may

issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338, quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the Movant states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C.

13

§ 2253(c)(2); Fed. R. App. P. 22(b).   Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Charles Thompson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.** [ECF No. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in the § 2255 motion because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 13th day of January, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE